**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Case No. 3:20-cr-0032**

**IDESHA STERROD,**

**Defendant.**

**ORDER**

**BEFORE THE COURT** is the is the motion of Idesha Sterrod ("Sterrod") to continue the February 1, 2021 trial in this matter and extend the time to file pretrial motions. (ECF No. 34.) For the reasons stated herein, the time to try this case is extended up to and including April 19, 2021, and any pretrial motions shall be filed no later then March 1, 2021.

On September 3, 2020, the United States filed an information against Sterrod charging her with three counts: (1) conspiracy to possess with intent to distribute fifty kilograms and more of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C); (2) possession with intent to distribute 50 kilograms and more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and (3) use of a minor in a drug offense in violation of 21 U.S.C. §§ 861(a)(1) and (b).

Thereafter, on December 3, 2020, a federal grand jury returned an indictment against Sterrod charging her with three counts: (1) conspiracy to possess with intent to distribute fifty kilograms and more of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C); (2) possession with intent to distribute 50 kilograms and more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and (3) use of a minor in a drug offense in violation of 21 U.S.C. §§ 861(a)(1), (2), and (b). At Sterrod's arraignment, the magistrate judge scheduled the trial for February 1, 2021, and set January 2, 2021, as the deadline to file any pretrial motions.

On December 23, 2020, Sterrod filed a motion to continue the trial date. (ECF No. 34.) That motion also seeks an extension of time to file pretrial motions. As a basis for her request, Sterrod asserts that her "[c]ounsel needs additional time to review discovery, conduct legal research, prepare any necessary motions and investigation, and discuss any potential trial or negotiated settlement further with Ms. Sterrod so that she can make informed decisions." *Id.* at 2. Sterrod further represents that the United States does not oppose her motion to continue. *Id.*

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. First, an extension of time is necessary to allow Sterrod time to review the discovery in this matter. Second, an extension of time is necessary to allow Sterrod's counsel time to conduct legal research and prepare any necessary pretrial motions. Third, without an extension, Sterrod would be denied reasonable time necessary to properly prepare for trial in consultation with her counsel.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding there was no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional time for adequate preparation."); *cf. United States v. Santiago-Becerril*, 130 F.3d 11, 17 (1st Cir. 1997) (explaining that, where a defendant had moved to continue his trial due to his counsel's unavailability, the "period of delay" caused by an ends of justice

continuance includes the time "reasonably required to schedule a new trial date" in "consideration of the court's calendar").

The premises considered, it is hereby

**ORDERED** that Sterrod's motion to continue the trial in this matter and to extend the time to file pretrial motions, ECF No. 34, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through April 19, 2021, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the trial in this matter previously scheduled for February 1, 2021, is **RESCHEDULED** to commence promptly at 9:00 A.M. on April 19, 2021, in St. Thomas Courtroom 1 before District Judge Robert A. Molloy; it is further

**ORDERED** that any pretrial motions shall be filed no later than March 1, 2021; and it is further

**ORDERED** that Sterrod's motion to continue the trial in this matter and to extend the time to file pretrial motions, ECF No. 26, is **MOOT**.

**Dated:** December 28, 2020

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**District Judge**